PER CURIAM.
This cause is before us on appeal from an order of the deputy commissioner denying the Division’s motion to tax costs. We reverse.
On January 22, 1982, an order was issued on the workers’ compensation claim of Ida Pearl Mack denying her wage-loss benefits on the ground of an inadequate work search; claimant thereafter sought appellate review of that order. Claimant was found to be insolvent, and the cost of preparation of the record on appeal was paid by the Division of Workers’ Compensation Administrative Trust Fund, pending final disposition of the costs on appeal. On August *994 6,1982, this court remanded the case to the deputy for consideration of a settlement, directing that the Division be notified and given an opportunity to be heard relative to recovery of any costs. The Division filed a motion to tax costs on August 12,1982. On August 13, claimant, her attorney, and the attorney for the employer/carrier signed a joint stipulation settling the case for $2,769.45 compensation, excluding remedial and future medical benefits; the employer/carrier also agreed to pay claimant’s attorney a $750 fee. On August 24, that stipulation was inadvertently approved by the deputy without a hearing on the Division’s motion for costs, contrary to the order of this court.[1]
Hearing on the Division’s motion to tax costs was held on September 29, 1982. On March 30,1983, the deputy entered an order denying the Division’s motion to tax costs, based upon his finding that the employer/carrier would have prevailed on appeal (had there been no settlement with claimant) and that the employer/carrier were therefore not liable to the Workers’ Compensation Administrative Trust Fund for the costs advanced to the claimant.[2]
A deputy cannot base his determination regarding taxation of costs in a settlement situation on his independent assessment of which party “would have prevailed” had the settlement not taken place. This cause is before us because the parties negotiated a settlement without including in those negotiations a determination of how the Division would be reimbursed for the costs advanced to the claimant. The burden of complying with this court’s mandate to include the Division in the settlement negotiations is one which the employer/carrier have not met. We therefore reverse the deputy’s order and remand the cause to the deputy for an order directing the employer/carrier to reimburse the Division of Workers’ Compensation Administrative Trust Fund for the costs of preparation of the record on appeal.
ROBERT P. SMITH, Jr., BOOTH and WIGGINTON, JJ., concur.

. This court, unaware of the parties’ failure to comply with its order, thereafter dismissed the claimant’s pending appeal on the grounds of the settlement.

. The deputy appears to have adopted the employer/carrier’s assertion that the outcome of claimant’s appeal was not the consideration for the settlement, but that settlement was prompted “out of concern for liability for compensation that might arise from future eruptions of her dermatitis.”