SMITH, Judge.
The employer/carrier appeal an order of the deputy commissioner granting the Division’s motion to tax costs and ordering them to reimburse the Division $270.00 for preparation of the insolvent claimant’s record on appeal. We affirm.
The claimant sustained an industrial injury which the employer/carrier accepted as compensable. However, a dispute arose over the computation of claimant’s average weekly wage (AWW), which the deputy resolved in favor of the employer/carrier. The insolvent claimant appealed and the Division paid the costs for preparing the record on appeal.
During the pendency of the appeal, a lump sum settlement agreement was reached. This court remanded the case and the Division was notified of the proposed settlement and filed a motion to tax costs. The claimant and the employer/carrier appeared before the deputy and denied liability to pay costs, the claimant on the grounds that he was still an indigent who was settling his entitlement to future wage loss benefits in one lump sum, and the employer/carrier on the grounds that its position regarding the AWW had been sustained by the deputy and had not been reversed on appeal and that it had not “settled” the issue on appeal.[1]
As in Department of Labor & Employment Security, Division of Workers’ Compensation v. Circle T-Bone Ranch, 439 So.2d 993, 994 (Fla. 1st DCA 1983), this controversy arose because the parties negotiated a settlement without including these negotiations a determination of how the Division would be reimbursed for the costs. The employer/carrier is asking this court to supply a rule of law to eliminate a hiatus created by the parties’ act of settlement without complying with the suggested practice that the settlement agreement should make provision for the payment of costs. See Department of Labor & Employment Security, Division of Workers’ Compensation v. Circle T-Bone Ranch, 439 So.2d at 994, and rule 4.210, Workers’ Compensation Rules.
*1044 We find that where the claimant and the employer/carrier settle all issues between them, including claimant’s appeal, in consideration for payment of money in the form of a lump sum settlement without making provision for the assessment and payment of costs of the appeal, the deputy has the authority to order the employer/carrier to reimburse the Division for costs paid in behalf of the insolvent claimant, and such order will not be reversed on appeal unless under all circumstances it can be said that the deputy’s order constitutes an abuse of discretion. We find no abuse of discretion here.
AFFIRMED.
THOMPSON and WIGGINTON, JJ., concur.

. Contrary to the employer/carrier’s contentions, the language of the settlement agreement does suggest that claimant settled the AWW issue as part of the consideration for the parties’ joint settlement. The stipulation and joint petition for settlement provides, among other things, that "the parties are in agreement that there are factual and legal issues which could be resolved either way by the deputy commissioner and the First District Court of Appeal.” This language unmistakeably indicates to this court that both parties “settled.”